UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JULIAN OKEAYAINNEH #20515-112**           **CASE NO. 2:23-CV-00854 SEC P**

**VERSUS**                                  **JUDGE JAMES D. CAIN, JR.**

**FELIPE MARTINEZ JR**                      **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (doc. 1) and Emergency Motion to Stay (doc. 7) filed by pro se Petitioner Julian Okeayainneh ("Okeayainneh"). Okeayainneh is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana ("FCI-Oakdale"). He challenges the calculation of his sentence by the Bureau of Prisons ("BOP").

Because Okeayainneh is entitled to no relief, the Emergency Motion to Stay (doc. 7) should be DENIED and the Petition (doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

**I.    Background**

A factual and procedural history was summarized by the United States District Court for the District of Minnesota:

> On February 28, 2012, after a trial, a jury found Defendant Julian Okeayainneh guilty of conspiracy to commit bank fraud, bank fraud, mail fraud, wire fraud, aggravated identity theft, conspiracy to commit money laundering, and trafficking in false authentication features, all as charged in the Third Superseding Indictment. [Docket No. 625] Defendant was acquitted on one count of aggravated identity theft.
>
> Defendant filed a Post-Trial Motion for a New Trial [Docket No. 635] and a Post-Trial Motion for Judgment of Acquittal [Docket No. 636]. On June 22, 2012, the Court denied both motions. [Docket No. 667]

On August 13, 2012, the Court sentenced Defendant to a term of 324 months. [Docket No. 733] The sentencing judgment, entered on August 15, 2012, left the amount of restitution open. [Docket No. 759]

Defendant appealed both his conviction and his sentence. *See United States v. Adejumo*, 772 F.3d 513, 520 (8th Cir. 2014). He argued that the Court should have dismissed the Third Superseding Indictment based on the Speedy Trial Act; that the Court erred in denying his motion for judgment of acquittal on conspiracy to commit bank fraud based on insufficient evidence; that the Court erred in admitting an organizational chart into evidence at trial; that the Court erred in admitting his proffer statements at trial; and that the Court erred in imposing sentencing enhancements for loss amount of more than $50 million, number of victims of at least 250, role, and obstruction of justice. *Id*. at 520, 526.

On August 15, 2013, while Defendant's appeal was pending, the Government moved to amend the sentencing judgment to include restitution in the amount of $4,368,192.01. [Docket No. 992] Defendant did not file a response to the Government's motion. On August 29, 2013, the Court entered an Amended Judgment, which included restitution of $4,368,192.01. [Docket No. 1001]

On November 25, 2014, the Eighth Circuit affirmed Defendant's conviction, affirmed all sentencing enhancements other than obstruction of justice, and remanded for resentencing based on the application of the obstruction of justice enhancement. [Docket No. 1046] *See Adejumo*, 772 F.3d at 539.

On December 22, 2015, the Court resentenced Defendant to the same 324-month sentence. [Docket Nos. 1155, 1158] The Second Amended Judgment again included restitution in the amount of $4,368,192.01. Defendant appealed his resentencing as substantively unreasonable. The Eighth Circuit Court of Appeals affirmed, and the United States Supreme Court denied Defendant's petition for writ of certiorari and petition for rehearing. [Docket Nos. 1192, 1193, 1199, 1202, 1208] *United States v. Okeayainneh*, 668 F. App'x 681 (8th Cir. 2016).

In 2017, Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 1219], as well as various related motions. On August 1, 2018, the Court denied Defendant's motions. [Docket No. 1256] On September 5, 2018, the Court denied Defendant's Motion to Reconsider and Order Government to Provide Evidence. [Docket No. 1266] Defendant sought to appeal both denials. [Docket Nos. 1259, 1268] On December 21, 2018, the Eighth Circuit denied certificates of appealability on both appeals. [Docket No. 1276]

On January 9, 2019, Okeayainneh filed a Pro Se Revised Request to Take Judicial Notice of Adjudicative Facts Pursuance to (Fed. Evid. R. 201(c)(2)) and for Evidence Rule 201(e) Hearing on Matter of Judicial Notice (Fed. R. Evid. 201(e)). [Docket No. 1277] On January 31, 2019, Okeayainneh filed Part-2 and Addendum

> to Revised Request to Take Judicial Notice of Adjudicative Facts Pursuance to (Fed. Evid. R. 201(c)(2)) and for Evidence Rule 201(e) Hearing on Matter of Judicial Notice (Fed. R. Evid. 201(e)). [Docket No. 1279]
>
> On August 22, 2019, the Eighth Circuit issued a judgment denying Okeayainneh's petition for authorization to file a successive habeas petition. [Docket No. 1282]
>
> On September 9, 2019, Okeayainneh filed the current Pro Se Motion for New Trial Pursuant to Fed. R. Crim. P. 33(a) and (b). [Docket No. 1284] He asserts that his motion for a new trial is based on newly discovered evidence in the form of an Amended Judgment issued on approximately May 15, 2017 vacating the restitution amount. Okeayainneh claims that this Amended Judgment shows that there was no loss amount because the restitution award was vacated. Therefore, the Government failed to prove that he committed bank fraud.

*United States v. Okeayainneh*, 11-CR-87, 2019 WL 4888880, at *1–2 (D. Minn. Oct. 3, 2019) (emphasis added).

While Okeayainneh was challenging his conviction and sentence, a codefendant, Adetokunbo Olubunmi Adejumo's ("Adejumo"), was doing the same. In 2017, the United States Court of Appeal for the Eighth Circuit vacated the restitution order as to Adejumo.[1] *United States v. Adejumo*, 848 F.3d 868, 871 (8th Cir. 2017). Following the Eighth Circuit's ruling, the District of Minnesota issued a Third Amended Judgment in Adejumo's case on May 10, 2017, vacating Adejumo's restitution obligation. *See Okeayainneh*, 11-CR-87, 2019 WL 4888880, at *1–2 (citing *United States v. Adejumo,* 11-CR-87-7, Doc. No. 1218).

In denying Okeayainneh's pro se motions[2], the trial court confirmed that its Third Amended Judgment had "no effect on Okeayainneh's restitution obligation other than to provide

---

[1] The court noted: "We conclude that the government failed to provide sufficient evidence of the ultimate losses Adejumo caused the victim banks." *Id.* at 871.

[2] Identified, *supra*, by the trial court as:

> Doc. No. 1277 - Pro Se Revised Request to Take Judicial Notice of Adjudicative Facts Pursuance to (Fed. Evid. R. 201(c)(2)) and for Evidence Rule 201(e) Hearing on Matter of Judicial Notice (Fed. R. Evid. 201(e));

that Adejumo was no longer jointly and severally liable on any portion of Okeayainneh's restitution obligation." *Id.* at pg. 3. The sentencing court twice stated: "Okeayainneh's restitution obligation has not been vacated." *Id.* at pg. 3, 4. The Eighth Circuit summarily affirmed the trial court's ruling. *United States v. Okeayainneh*, No: 19-3292 (8th Cir. 2019).

Okeayainneh filed a § 2241 Petition in this Court in 2019, claiming that the Eighth Circuit had vacated his restitution order. The Petition was construed as an attack on the restitution order and dismissed for lack of jurisdiction. *Okeayainneh v. Myers*, 19-CV-01052, 2019 WL 7560741, at *1 (W.D. La. Dec. 11, 2019), *report and recommendation adopted*, 2020 WL 122627 (W.D. La. Jan. 9, 2020).

Okeayainneh has since filed lawsuits and numerous appeals seeking documents under the Freedom of Information Act pertaining to his co-defendants.[3] He was recently denied leave to file another challenge in his FOIA case in the District of Columbia. *See* 20-CV-0244 (D. D.C.). Okeayainneh is now appealing that denial in Case No. 23-5093 (D.C. Cir.). Okeayainneh seeks to stay this case pending the outcome of his appeal. ECF No. 7.

In this § 2241 Petition, Okeayainneh claims that the BOP has improperly implemented a schedule of restitution payments through the Inmate Financial Responsibility Program ("IFRP").

---

Doc. No. 1279 - Part-2 and Addendum to Revised Request to Take Judicial Notice of Adjudicative Facts Pursuance to (Fed. Evid. R. 201(c)(2)) and for Evidence Rule 201(e) Hearing on Matter of Judicial Notice (Fed. R. Evid. 201(e)); and

Doc. No. 1284 – Motion for New Trial Pursuant to Fed. R. Crim. P. 33(a) and (b).

[3] *Okeayainneh v. U.S. Department of Justice, et al.*, 20-CV-0244, 2022 WL 700744, at *1 (D.D.C. Feb. 16, 2022). Okeayainneh sought review in Case Nos. 21-5167 and 22-5053 (D. D.C.), but his appeals were dismissed. *See Okeayainneh v. United States Dep't of Justice*, 21-5167, 2022 WL 1694505 (D.C. Cir. May 25, 2022) (consolidated with 22-5053), *cert. dismissed sub nom. Okeayainneh v. Dep't of Justice*, 143 S.Ct. 512 (2022); *Okeayainneh v. U.S. Dep't of Justice*, 20-CV-0244, 2021 WL 2634662, at *1 (D.D.C. June 25, 2021), *aff'd sub nom. Okeayainneh v. United States Dep't of Justice*, 21-5167, 2022 WL 1694505 (D.C. Cir. May 25, 2022).

Okeayainneh asks that the Court order the BOP to suspend his payments until the sentencing court sets a payment schedule. ECF No. 1 at 6. According to his administrative grievances and responses attached as exhibits to his Petition, Okeayainneh still believes that he is not responsible for restitution because the order was vacated. ECF No. 1-2 at 14-20.

## II.     Law and Analysis

### A.  Section 2241

A challenge to a restitution payment schedule set by the BOP pursuant to the IFRP is properly raised in a § 2241 petition because it is a challenge to a BOP administrative program and not to any action by the district court. *See United States v. Diggs*, 578 F.3d 318, 319–20 & n. 1 (5th Cir. 2009); *see also Hickman v. Keffer*, 498 F. App'x 375 (5th Cir. 2012) (unpublished).

### B.  Restitution Order

The trial court unequivocally stated: "Okeayainneh's restitution obligation has not been vacated." *See Okeayainneh*, 11-CR-87, 2019 WL 4888880, pg. 3, 4 (D. D.C.). The Eighth Circuit affirmed that ruling. *See Okeayainneh*, Case No: 19-3292 (8th Cir. 2019). Okeayainneh's claim that his restitution order was vacated is inaccurate. The court records in the District of Minnesota, District of Columbia, and courts of appeals, as well as the published jurisprudence, clearly establish that the restitution order was only vacated as to a co-defendant. The order was affirmed as to Okeayainneh. *See Okeayainneh*, 668 F. App'x 681 (8th Cir. 2016); *Okeayainneh*, Case No: 19-3292 (8th Cir. 2019).

### C.  Inmate Financial Responsibility Program

The BOP enacted the IFRP to assist inmates in "meet[ing] his or her legitimate financial obligations." 28 C.F.R. § 545.10. IFRP procedures require staff members to review an inmate's financial obligations, which include special assessments and court ordered restitution, and create

a financial plan after reviewing the Presentence Report, Judgement and Commitment Orders, and any other available documents. *See* 28 C.F.R. § 545.11(a)-(d). The BOP may obtain payments from funds earned through prison employment as well as from funds received from outside sources, such as money sent by relatives. *Id*. at § 545.11(b).

Okeayainneh's order of restitution explicitly provides:

> Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25.00 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR. **The defendant shall participate in the Inmate Financial Responsibility Program while incarcerated**.

*See Okeayainneh*, 11-CR-87 (D. D.C.), ECF No. 1158 at 7.

Other inmates have unsuccessfully argued that the BOP and/or IFRP violate 18 U.S.C. §§ 3572 and 3664 by usurping the core judicial function of setting the amount and schedule of restitution payments. However, it is well-settled that the IFRP serves the legitimate penological interest of rehabilitation, and it has been upheld against constitutional attack. *See Mitchell v. U.S.*, 211 F.3d 125 (5th Cir. 2000) (Table) (citing *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir.1999)); *see also Kinsey v. United States*, 13-CV-572, 2014 WL 897409, at *2 (W.D. La. 2014).

Okeayainneh does not show that his participation in the IFRP is unlawful. Okeayainneh's restitution order specifically requires him to participate in the IFRP, and that order was affirmed on appeal. Furthermore, Okeayainneh signed a payment agreement to pay $75.00 per month toward his $4,368,192.01 restitution order. *See* ECF No. 1-2 at 1. There is simply no basis for his claims.

The Court has given Okeayainneh's application preliminary consideration pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions under Rule 1(b). According to Rule 4, a district court may

dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Such is the case with Okeayainneh's Petition.

### III. Conclusion

Because it plainly appears that Okeayainneh is not entitled to relief, **IT IS RECOMMENDED** that the Petition (doc. 1) should be **DENIED and DISMISSED WITH PREJUDICE**. Furthermore, since Okeayainneh's latest appeal in his FOIA case has no bearing on his habeas claim, **IT IS FURTHER RECOMMENDED** that the Emergency Motion to Stay (doc. 7) should be **DENIED**.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE AND SIGNED in chambers on this 11th day of September, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE